## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| LINDA WICKERT, individually and on behalf of the estate of JEROME WICKERT, | Court File No.: |
| Plaintiffs, | |
| v. | **NOTICE OF REMOVAL** |
| FCA US LLC, formerly Chrysler Group, LLC, | |
| Defendant. | |

Defendant FCA US LLC ("FCA US") hereby removes this action from the Third Judicial District Court of Minnesota for the County of Olmstead to the United States District Court for the District of Minnesota, First Division, in accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1452. In support of removal, FCA US states as follows:

### FACTS

1.     Plaintiff Linda Wickert, individually and on behalf of the estate of Jerome Wickert, commenced this action on or about July 21, 2020, by serving a Summons and Complaint upon FCA US through its registered agent. The Summons and Complaint are attached as Exhibit A.

2.     The Complaint alleges causes of action sounding in negligence and strict products liability arising out of a June 3, 2019 motor vehicle accident involving a 2000 Chrysler Town & Country minivan that Plaintiff alleges resulted in fatal personal injuries. *See* Ex. A.

3.     Plaintiff is a resident and citizen of Minnesota.

4.      FCA US LLC is a resident and citizen of Delaware and Michigan.

5.      FCA US did not design, test, develop, manufacture, market, distribute, or sell the 2000 Chrysler Town & Country. Nor is FCA US a successor of any entity that did. Rather, FCA US is an asset purchaser of Chrysler LLC, a bankrupt entity, which was the successor in interest to the manufacturer of the 2000 Chrysler Town & Country.[1] Accordingly, FCA US's liability for claims relating to the 2000 Chrysler Town & Country, if any, would arise solely out of the asset purchase agreement approved by the Bankruptcy Court.

6.      On April 30, 2009, Chrysler LLC (subsequently known as Old Carco LLC) and 24 of its affiliated entities (collectively, "the Debtors"), filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York, Case No. 09-50002. *In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (Bankr. S.D.N.Y.). On or about May 19, 2009, the Debtors and a newly formed and independent entity, now known as FCA US LLC,[2] entered into a Master Transaction Agreement ("MTA"). Under the terms of the MTA, FCA US purchased substantially all of Debtors'

---

[1]   The manufacturer of the vehicle that is the subject of this action is DaimlerChrysler Corporation. In 2007, DaimlerChrysler Corporation was converted to a limited liability company and renamed DaimlerChrysler Company LLC. DaimlerChrysler Company LLC was later renamed Chrysler LLC.

[2]   The party to the Master Transaction Agreement was New Carco Acquisition LLC. On June 10, 2009, New Carco Acquisition LLC changed its name to Chrysler Group LLC. Effective December 15, 2014, Chrysler Group LLC changed its name to its current one, FCA US LLC (Defendant FCA US herein).

assets and assumed *certain* of their liabilities. *See* MTA, selected portions attached hereto as Exhibit B.

7.      The Bankruptcy Court approved the MTA and the sale by entering its Sale Order of June 1, 2009, which authorized the sale of substantially all of the Debtors' assets free and clear of all liens, claims, interests and encumbrances. *See* Order of June 1, 2009, *In re Chrysler LLC*, Case No. 09-50002 (Bankr. S.D.N.Y.), selected portions attached hereto as Exhibit C. The asset sale to FCA US closed on June 10, 2009 ("Closing Date").

8.      In the Sale Order, the Bankruptcy Court limited the liability of FCA US (the "Purchaser") to only those liabilities of the Debtors that were expressly assumed. With limited exceptions, FCA US did not assume liability "for any claim that . . . relates to the production of vehicles prior to the Closing Date or [] otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the closing date." *Id.* ¶ 35. Additionally, FCA US was not held to be a legal successor or a continuation of, and did not merge with, the bankruptcy Debtors. *Id.* The Bankruptcy Court specifically ordered that FCA US would "not have any successor, derivative or vicarious liabilities of any kind . . . for any Claims, including . . . products or antitrust liability." *Id.*

9.      On November 19, 2009, the Bankruptcy Court entered another order approving an amendment to the MTA that modified the scope of FCA US's assumed liabilities and expressly insulated FCA US from liability for "any claim for exemplary or

punitive damages." Order of Nov. 19, 2009, *In re Chrysler LLC*, Case No. 09-50002 (Bankr. S.D.N.Y.), attached hereto as Exhibit D.[3]

10.    No previous removal of this case has been attempted or effected.

## PAPERS FROM REMOVED ACTION

11.    As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon FCA US in this action are attached to this Notice of Removal as Exhibit E.

12.    No further proceedings have occurred in the state court action.

## TIMELINESS OF REMOVAL

13.    This notice of removal is timely because it is filed within 30 days after FCA US's receipt of the complaint and within 30 days after service of the summons on FCA US, in accordance with 28 U.S.C. § 1446(b)(1).

## VENUE

14.    Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division encompassing the state court where the action is pending.

## DIVERSITY JURISDICTION

15.    This Court has original subject matter jurisdiction over this civil action under U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[3]    As used herein, the Bankruptcy Court's June 1, 2009 Sale Order (approving the MTA) and November 19, 2009 Order (approving Amendment No. 4 to the MTA) shall be referred to collectively as "Sale Orders."

**Diversity of citizenship**

16.     Plaintiff is a resident and citizen of the State of Minnesota.

17.     FCA US is a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan. It has one member, FCA North America Holdings LLC, a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan. At the time Plaintiff commenced this action and as of the date of this notice of removal, FCA US has continuously been a citizen of Delaware and Michigan.

18.     Accordingly, there is complete diversity of citizenship because Plaintiff is a citizen of Minnesota, while FCA US is a citizen of Delaware and Michigan.

**Amount in controversy**

19.     The matter in controversy in this case exceeds $75,000, exclusive of interest and costs.

20.     Plaintiff alleges damages in an amount in excess of $50,000.00. *See* Ex. A, Compl. ¶ 12.

21.     The Complaint seeks recovery for funeral and burial expenses; medical expenses; loss of income, benefits, and inheritance; loss of companionship, comfort, and guidance; loss of services, protection, care, and assistance; mental anguish, sorrow, and loss of solace; and pain and suffering.

22.     Minnesota courts have awarded damages in excess of $75,000 for injuries similar to those alleged by Plaintiff.

23.     FCA US denies all liability in this case. The nature of the claims and damages sought, however, render the matter in controversy in excess of $75,000, exclusive of interest and costs.

## BANKRUPTCY JURISDICTION

24.     "A party may remove any claim or cause of action in a civil action . . . to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C.] section 1334." 28 U.S.C. § 1452(a). Section 1334, in turn, confers federal courts with original jurisdiction over cases that "arise under" the bankruptcy code and those that "arise in" or "relate to" a bankruptcy proceeding. 28 U.S.C. § 1334(b); *see also  In re A.P.I., Inc.*, 537 B.R. 902, 908 (Bankr. D. Minn. 2015) (holding that original but not exclusive federal jurisdiction is granted as to civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the code); *In re Michener*, 217 B.R. 263, 266 (Bankr. D. Minn. 1998).

25.     The phrase "arising under' has a well-defined and broad meaning in the jurisdictional context. *Nat'l City Bank v. Coopers & Lybrand*, 802 F.2d 990, 994 (8th Cir. 1986). Proceedings "arising under" title 11 involve causes of action created or determined by a statutory provision of that title. *Id*. "[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the state being administered in bankruptcy." *Id.* Proceedings that "arise in" a bankruptcy case or "arise under" Title 11 are also known as "core proceedings." *Stern v. Marshall*, 564 U.S. 462, 476 (2011). A broader set of cases are said to "relate to" a bankruptcy proceeding when "by their nature [they] maintain

6

a…close nexus to the bankruptcy plan or proceeding." *Id.* at 1194. Here, federal jurisdiction exists because this case "arises under," "arises in," and "relates to" the bankruptcy case of *In re Old Carco LLC (f/k/a Chrysler LLC)*.

### This Court has jurisdiction under 28 U.S.C. § 1334(b) because the Action "arises under" Title 11 or "arises in" a bankruptcy case.

26.   The district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11 [the Bankruptcy Code], or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Any action involving the interpretation of a bankruptcy order "must be considered to arise under title 11 if the policies underlying the [Bankruptcy] Code are to be effectively implemented." *In re Williams*, 256 B.R. 885, 892 (B.A.P. 8th Cir. 2001) (*citing In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986)); *see also In re Allegheny Health, Educ. and Research Found.*, 383 F.3d 169, 175–76 (3rd Cir. 2004) (upholding determination "that the suit was a core proceeding because it required the court to interpret and give effect to its previous sale orders"); *In re Millennium Sea Carriers, Inc.*, 458 F.3d 92, 95 (2nd Cir. 2006) (holding that a request for the bankruptcy court to enforce a sale order constitutes a core proceeding); *see also In re Karykeion, Inc.*, No. 12-1363, 2013 WL 1890626, at *3 (B.A.P. 9th Cir. May 6, 2013) (holding that "as this adversary proceeding turned on the interpretation of agreements approved by and incorporated into a [bankruptcy] sale order, it was a core matter").

27.     Relatedly, bankruptcy courts themselves have the power and jurisdiction to interpret and enforce their own orders.[4] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *In re Franklin*, 802 F.2d at 326 ("Simply put, bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner."). Accordingly, the Bankruptcy Court expressly retained jurisdiction "to interpret, implement and enforce the terms and provisions" of its Sale Orders "including to . . . protect the Purchaser [FCA US] against any Claims." *See* Order of June 1, 2009, ¶ 59, Ex. 4. The Bankruptcy Court also expressly retained jurisdiction "over all matters or disputes arising out of or in connection with" its subsequent Order approving Amendment No. 4 to the MTA. *See* Order of Nov. 19, 2009, ¶ 2, Ex. 5. However, before a bankruptcy court can assume jurisdiction over a state law action as described above, the action must first be removed to the federal district court encompassing the state court venue pursuant to § 1334(b). *See* 28 U.S.C. § 157(a) ("Each district court may provide that any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.").

28.     As noted above, contrary to Plaintiffs' allegations, FCA US did not design, develop, manufacture, inspect, test, sale, market, or distribute the 1994 Jeep Grand Cherokee. Rather, the subject vehicle was designed and sold by the now-defunct Chrysler

---

[4]   This is true even if the underlying bankruptcy case has closed. *See In re Pegasus*, 394 F.3d at 1193-94; *In re Williams*, 256 B.R. 885, 892 (8th Cir. 2001) ("It is also well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders.").

Corporation years before FCA US came into existence. Plaintiffs ostensibly seek to impose liability upon FCA US for alleged actions that, if true, would be properly attributable of the bankrupt Debtors. *See* Sales Orders, Exs. 4 & 5. But for the Bankruptcy Court's issuance of the Sale Orders, no basis would exist for *any* claim to be asserted against FCA US for *any* liabilities incurred by the bankrupt Debtors.[5] *Id.* Accordingly, any claims Plaintiffs assert against FCA US for the alleged actions of the bankrupt Debtors necessarily implicates and requires judicial interpretation of the Sale Orders entered in *In re Old Carco LLC (f/k/a Chrysler LLC)*.

29.     Indeed, interpretation of the very Sale Orders at issue in this case has been found to constitute a "core proceeding" arising in the bankruptcy by the Bankruptcy Court for the Southern District of New York—the court that issued those orders. *See* Order Granting Defendant's Motion to Dismiss, *Wolff v. Chrysler Group LLC*, Ad. Proc. No. 10-05007 (Bankr. S.D.N.Y, J. Gonzalez, July 30, 2010) (wherein the Bankruptcy Court held that a claim asserted against FCA US [then known as Chrysler Group LLC] and removed from state court and transferred to the Bankruptcy Court was a core proceeding as it was "ancillary to the Sale Order"), attached hereto as Exhibit F.

30.     Many other District Courts have reached the same conclusion, finding that interpretation and enforcement of the Sale Order constitutes a "core proceeding" subject to bankruptcy jurisdiction. *See*, *e.g.*, *White v. FCA US, LLC*, 579 B.R. 804, 811 (E.D. Mich. 2017) (finding that "the state case 'arises in' and 'relates to' the bankruptcy, because (1)

---

[5]   FCA US does not concede that the Sale Orders provide a basis for the specific claims asserted by these specific plaintiffs in the present action.

FCA did not exist when the 2003 Jeep was made and was not the entity that designed or manufactured the Jeep; (2) FCA's liability for the claims pleaded in the complaint necessarily derives from the bankruptcy sale agreement and order confirming that sale that was entered in the bankruptcy case; and (3) in order for the case to proceed at all, the plaintiff must begin by showing that FCA assumed liability for the claims pleaded"); *Powell v. FCA US LLC*, No. 3:15-cv-393, 2015 WL 5014097, at *4 (M.D. Ala. Aug. 21, 2015) ("Before any court considers the merits of the case, it will first have to interpret the scope of the Sale Order as applied to the Plaintiffs' claims. Therefore, the court finds that the case 'arises in' a bankruptcy case and that it is a core proceeding. There is proper jurisdiction under § 1334(b) [and] removal was proper under § 1452[.]"); *Martin v. Chrysler Group LLC*, No. 6:12-cv-00060, 2013 WL 5308245, at *4 (W.D. Va. Sept. 20, 2013) (finding that bankruptcy jurisdiction existed because the plaintiffs' claims "would not exist 'but for' the Sale Order"); *Quesenberry v. Chrysler Group, LLC*, No. 12-cv-480-ART, 2012 WL 3109431, at *4 (E.D. Ky. July 31, 2012) (finding case to be a core proceeding because it involved "the interpretation and enforcement of the Bankruptcy Court's Sale Order and Purchase Agreement"); *Monk v. Chrysler Group, LLC*, No. 1:09-cv-2511, 2009 WL 4730314, at *4–5 (N.D. Ga. Dec. 3, 2009) (finding that "[i]ssues raised in the present action require interpretation and application of the Sale Orders" and that "these threshold issues need to be resolved by the Bankruptcy Court").

31.     This case "arises under" or "arises in" title 11 through *In re Old Carco LLC (f/k/a Chrysler LLC)* because any liability of FCA US for Plaintiffs' claims must derive

from the MTA and its amendments, as approved and ordered by the Bankruptcy Court's Sale Orders. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

**This Court also has jurisdiction because the Action "relates to" a bankruptcy case.**

32.     "The grant of jurisdiction over proceedings "related to" the bankruptcy case is quite broad." *In re Greektown Holdings, LLC*, *See Celotex Corp. v. Edwards*, 514 U.S. 300, 307–08 (1995). Thus, even if this case were not held to directly "arise in" the bankruptcy proceedings, 28 U.S.C. § 1334(b) would still confer federal jurisdiction over this case as it inarguably "relates to" a bankruptcy case.  *See In re Michener*, 217 B.R. 263 (holding that "related" proceedings under Eight Circuit rule are those whose determination of proceedings could conceivably have any effect on the estate being administered in bankruptcy).

33.     Although the Eight Circuit has cautioned against giving broad scope to core-proceeding status, related-proceeding jurisdiction has long been described as "broad."  *See e.g., Cutcliff v. Reuter,* 791 F.3d 875, 881–82 (8th Cir. 2015); *Buffets, Inc. v. Leischow,* 732 F.3d 889, 894 (8th Cir. 2013); *In re Farmland Indus., Inc.,* 567 F.3d at 1019;  *In re Titan Energy, Inc.,* 837 F.2d 325, 330 (8th Cir. 1988). It is "met if the proceeding 'could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankruptcy estate.'" *Cutcliff v. Reuter*, 791 F.3d at 881–82; *In re Dogpatch U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir. 1987). *See also Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995); *Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953, 958 (8th Cir. 2005); *Kocher v. Dow Chemical Co.*, 132 F.3d 1225, 1230–1231 (8th Cir. 1997);

*Abramowitz v. Palmer*, 999 F.2d 1274, 1277 (8th Cir. 1993) *In re Titan Energy, Inc.*, 837 F.2d at 330 (all opining that related-proceeding jurisdiction may lie where the outcome of a proceeding "could conceivably have any effect" on the administration of the bankruptcy estate).

34.    Here, Plaintiffs seek to hold FCA US accountable for alleged defects in a vehicle that was designed and manufactured by DaimlerChrysler Corporation. The Sale Orders act to transfer certain of the manufacturer's liability to FCA US. Were it not for the Sale Orders, Plaintiffs would have to bring their claims as an adversary proceeding in the bankruptcy case and a successful judgment would merely make Plaintiffs unsecured creditors of the bankruptcy estate's assets. Therefore, a threshold question underlying all of Plaintiffs' claims against FCA US in this litigation is whether the Bankruptcy Court ordered FCA US to assume the specific liabilities that Plaintiffs assert, including for punitive damages, as to the specific vehicle described in Plaintiffs' complaint. Any answer requires the Court to construe the Bankruptcy Court's Sale Orders. The Court's construction, in turn, will necessarily have an effect on the bankruptcy estate. Accordingly, this Court has jurisdiction because Plaintiffs' claims "relate to" the bankruptcy case of *In re Old Carco LLC (f/k/a Chrysler LLC)* because the outcome of the proceeding could "conceivably effect" the estate being administered in the bankruptcy.

35.    For the reasons stated above, the interpretation and enforcement of the Bankruptcy Court's Sale Orders arises under, and arises in and relates to a case under, the Bankruptcy Code, and therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims

asserted in Plaintiffs' Complaint, because they all "involve a 'common nucleus of operative facts' and would ordinarily be expected to be resolved in one judicial proceeding." *In re Pegasus*, 394 F.3d at 1995 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see* 28 U.S.C. § 1367 ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").[6]

## NOTICE OF FILING NOTICE OF REMOVAL

36.     In accordance with 28 U.S.C. § 1446(d), and to effect removal, FCA US will file a true and correct copy of this notice of removal with the Clerk of the District Court of the State of Minnesota, Third Judicial District, County of Olmstead. A copy of the notice of filing notice of removal to be filed with the state court is attached as Exhibit G.

## CONCLUSION

37.     This state action may be removed to this Court by FCA US in accordance with 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction for the United States District for the State of Minnesota, First Division, (ii) this

---

[6]   Even if supplemental jurisdiction were not appropriate, lack of supplemental jurisdiction over state law claims does not authorize "a district court to decline to entertain a claim over which it has original jurisdiction." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 787 (3d Cir. 1995). This is true even if the underlying bankruptcy case has closed. *See In re Williams*, 256 B.R. 885, 892 (8th Cir. 2001) ("It is also well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders.").

action is between citizens of different states, and (iii) the amount in controversy exceeds $75,0000.00, exclusive of interest and costs.

38.    This state action may also be removed to this Court by FCA US in accordance with 28 U.S.C. § 1452(a), because this Court has concurrent bankruptcy jurisdiction under 28 U.S.C. § 1334(b).

Defendant FCA US therefore respectfully removes this action from the Third Judicial District Court of Minnesota, Olmstead County, to this Court for all future proceedings and trial.

Respectfully Submitted,


Dated: August 12, 2020             s/Isaac W. Messmore
                                   Isaac W. Messmore (#0393276)
                                   Olga Tymouch (#0400280)
                                   BOWMAN AND BROOKE LLP
                                   150 South Fifth Street, Suite 3000
                                   Minneapolis, Minnesota 55402
                                   Telephone: (612) 339-8682
                                   Fax: (612) 672-3200
                                   ike.messmore@bowmanandbrooke.com
                                   olga.tymouch@bowmanandbrooke.com

                                   *Attorneys for Defendant FCA US LLC*