# EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF OLMSTED | THIRD JUDICIAL DISTRICT |
| | Case Type: Wrongful Death |

LINDA WICKERT, individually and on behalf of the estate of JEROME WICKERT
6530 West River Road NW
Rochester, MN 55901
         Plaintiff,

vs.

FCA US LLC, formerly Chrysler Group, LLC
1000 Chrysler Drive
Auburn Hills, MI 48326
         Defendant.

File No _____

**SUMMMONS**

---

**THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT:**

    **1.**    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court, and there may be no court file number on this Summons.

    **2.**    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons (or 30 days if you received this summons from the Secretary of State). You must send a copy of your Answer to the person who signed this Summons located at: John J. Wackman, Nilan Johnson Lewis PA, 250 Marquette Avenue South, Suite 800, Minneapolis, MN 55401.

    **3.**    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    **4.**    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff

4823-2478-2768.1

everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. ALTERNATIVE **DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: July 21, 2020

NILAN JOHNSON LEWIS PA

By: *J. Wackman*

John J. Wackman, Reg. No. 251884
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
(612) 305-7500
jwackman@nilanjohnson.com

Attorneys for Plaintiff

2

4823-2478-2768.1

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF OLMSTED | THIRD JUDICIAL DISTRICT |
| | Case Type: Wrongful Death |

LINDA WICKERT, individually and on behalf of the estate of JEROME WICKERT
6530 West River Road NW
Rochester, MN 55901

          Plaintiff,

vs.

FCA US LLC, formerly Chrysler Group, LLC,
1000 Chrysler Drive
Auburn Hills, MI 48326

          Defendant.

File No _____

**COMPLAINT**

## COMPLAINT

Plaintiff Linda Wickert, individually and on behalf of the estate of Jerome Wickert files suit against FCA US LLC, formerly Chrysler Group, LLC, and states as follows:

### PARTIES

1. Plaintiff Linda Wickert is an adult resident of Olmsted County, Minnesota. She is the duly appointed Trustee for the next-of-kin of Jerome Wickert, and is duly authorized to bring this action on behalf of his estate.

2. Defendant FCA US LLC, formerly Chrysler Group LLC ("FCA") is a Delaware Limited Liability company with its principal place of business in Auburn Hills, Michigan, and its registered office at CT Corporation System Inc., 1010 Dale Street North, St. Paul, MN 55117-5603. At all times pertinent hereto, FCA US LLC designed, developed, tested, manufactured,

distributed and/or is legally responsible for the 2000 Chrysler Town & Country minivan that is the subject of this lawsuit (the "subject vehicle")(S/N 1C4GP54LXYB574083).

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the claims herein under Minn. Stat. § 484.01, subd. 1(1) and has personal jurisdiction over the Defendant. Minn. Stat. § 543.19. The compensatory relief sought by the Plaintiff is subject to jurisdiction of this Court and the damages sustained and sought to be recovered exceed the minimum jurisdictional amount of this Court.

4. Venue is proper in this Court under Minn. Stat. § 542.09 because the causes of action accrued in part or in whole in Olmsted County, Minnesota, and the subject accident occurred in Olmsted County, Minnesota.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

5. On June 3, 2019, Jerome Wickert was operating a 2000 Chrysler Town & Country minivan (S/N 1C4GP54LXYB574083)(the "subject vehicle") on 55th Street in the City of Rochester, Olmsted County, Minnesota.

6. Mr. Wickert had purchased the subject vehicle a few months before the incident date.

7. As Mr. Wickert was traveling in an eastbound direction on 55th Street, his vehicle collided with another vehicle being driven westbound on 55th Street.

8. During the crash, the airbags of the vehicle that collided with Mr. Wickert's vehicle both deployed, and both individuals in that vehicle survived the crash.

9. During the crash, the passenger side airbag in the subject vehicle deployed, but the airbag on the driver's side (Mr. Wickert's side) did not deploy, resulting in fatal injuries to him.

10. The subject vehicle was the subject of a recall related to the driver's side airbag. In particular, driver's side airbags on model years 1998, 1999 and 2000 Chrysler Town & Country minivans could become disabled due to a failure of the clock spring located in the hub of the steering wheel.

11. Despite the vehicles having model years of 1998-2000, the recall was not issued until October 2014, five to seven model years after the vehicles subject to the recall were manufactured.

12. As a result of the crash, Mr. Wickert was killed. Plaintiff suffered damages in an amount in excess of $50,000, which amount will be determined at trial. The damages include:

   a. Funeral and burial expenses;

   b. Medical expenses;

   c. Loss of income, benefits and inheritance;

   d. Loss of companionship, comfort and guidance;

   e. Loss of services, protection, care and assistance;

   f. Mental anguish, sorrow and loss of solace; and

   g. Pain and suffering.

## CLAIM I
## (STRICT LIABILITY-DESIGN, MANUFACTURING, AND WARNING)

13. Plaintiff incorporates and realleges paragraphs 1-12 above.

14. FCA (and/or a predecessor company for which it is responsible) engineered, developed, designed, manufactured, distributed, marketed, sold or otherwise released the subject vehicle into the stream of commerce.

3

4823-2478-2768.1

15. As engineered, developed, designed, manufactured, distributed, marketed and sold, the subject vehicle was in an unreasonably dangerous and defective condition at the time it was placed into the stream of commerce because, among other things, it had a defective driver's side airbag, and other defects that failed to protect Jerome Wickert in the accident that occurred on June 3, 2019.

16. The subject vehicle was in an unreasonably dangerous and defective condition because it was sold to the public without any warnings that the driver's side airbag was defective and otherwise not properly functioning, and that it would not deploy during reasonably foreseeable accidents.

17. At the time of the accident that occurred on June 3, 2019, the subject vehicle was in substantially the same condition as it was when engineered, developed, designed, manufactured, distributed, marketed and sold by Defendant or its predecessor company for whom it is responsible.

18. Upon information and belief, Defendant (and/or the predecessor company for whom it is responsible) failed to adequately test or inspect the driver's side airbag and other vehicle defects, and also delayed the recall of the driver's side airbag for several years, which allowed the airbag in the subject vehicle to not be repaired by prior owners.

19. As a result of the unreasonably dangerous and defective condition of the subject vehicle and the failure to warn of the same, Jerome Wickert died on June 3, 2019, and Plaintiff has sustained substantial damages as alleged above for which defendant is strictly liable under Minnesota law.

## COUNT II
## (NEGLIGENCE)

20. Plaintiff incorporates and realleges paragraphs 1-19 above.

21. FCA (and/or a predecessor company for which it is responsible) engineered, developed, designed, manufactured, distributed, marketed, sold or otherwise released the subject vehicle into the stream of commerce and, therefore, had a duty to exercise reasonable care, including a duty to insure that the subject vehicle did not pose an unreasonable risk of injury to its users.

22. FCA (and/or a predecessor company for which it is responsible) knew or should have known that the driver's side airbag can malfunction such that it would not deploy during foreseeable accidents, which can result in significant personal injuries or death, as occurred to Jerome Wickert.

23. FCA (and/or a predecessor company for which it is responsible) failed to exercise reasonable care in designing and testing the subject vehicle, and thereby failed to discover that the driver's side airbag was defective in design or manufacture and would not deploy during foreseeable accidents.

24. FCA (and/or a predecessor company for which it is responsible) also failed to discover the defect in its airbag and/or delayed recalling the airbags, which resulted in vehicle owners not being timely advised of the defective airbags and which resulted in airbags not being fixed.

25. As a result of FCA's (and/or a predecessor company for which it is responsible) negligence, Jerome Wickert died in the June 3, 2019 accident, and Plaintiff sustained damages as alleged above.

## COUNT III
## (NEGLIGENCE-FAILURE TO WARN)

26. Plaintiff incorporates and realleges paragraphs 1-25.

5

4823-2478-2768.1

27. FCA (and/or a predecessor company for which it is responsible) engineered, developed, designed, manufactured, distributed, marketed, sold or otherwise released the subject vehicle into the stream of commerce and, directly promoted, advertised, and marketed the product to the public, and therefore had a duty to warn of the risks associated with the use of the subject vehicle.

28. FCA (and/or a predecessor company for which it is responsible) knew or should have known that the driver's side airbag can malfunction, fail and/or otherwise not deploy during foreseeable accidents, resulting in significant injuries or death to users, such as Jerome Wickert.

29. FCA failed to exercise reasonable care and adequately warn the public or Jerome Wickert of the true risks of the subject vehicle, including that the driver's side airbag was defective in design or manufacture in that it had a propensity to malfunction, fail and/or otherwise not deploy during foreseeable accidents resulting in significant injuries or death to users, such as Jerome Wickert.

30. FCA also failed to timely recall the driver's side airbags on affected vehicles, including the subject vehicle, which, on information and belief, resulted in fewer defective airbags being replaced, which resulted in significant injuries or deaths to users, such as Jerome Wickert.

31. As a direct result of FCA's (and/or a predecessor company for which it is responsible) negligence, Jerome Wickert died, and Plaintiff sustained damages as alleged herein.

**WHEREFORE**, Plaintiff prays for Judgment against Defendant as follows:

1. Awarding Plaintiff reasonable damages in an amount in excess of Fifty Thousand Dollars ($50,000);

2. Awarding Plaintiff pre-judgment and post-judgment interest;

4823-2478-2768.1

3. Awarding Plaintiff her costs and disbursements incurred herein; and

4. Such other and further relief as the Court deems just and equitable.

Dated: July 21, 2020　　　　　　　　　NILAN JOHNSON LEWIS PA

By: _____
John J. Wackman, Reg. No. 251884
250 Marquette Avenue South, Suite 800
Minneapolis, MN  55401
(612) 305-7500
jwackman@nilanjohnson.com

Attorneys for Plaintiff

## ACKNOWLEDGMENT

Plaintiff LINDA WICKERT, individually and on behalf of the estate of JEROME WICKERT, by and through her undersigned counsel, hereby acknowledges that costs, disbursements, reasonable attorneys' fees and witness fees may be awarded to the opposing party or parties pursuant to Minn. Stat. § 549.211 if the statute is violated.

_____
John J. Wackman